UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT U . HAINES, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV233 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Movant Robert Unique Haines brings this case under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. Haines was sentenced to an aggregate sentence of 168 months imprisonment following his guilty pleas in two cases. In Case No. 4:07CR344CDP Haines pleaded guilty to escape from a halfway house. In Case No. 4:07CR345CDP he pleaded guilty to one count of conspiracy to commit fraud and two counts of aggravated identity theft. He did not appeal.

As his grounds for Section 2255 relief, Haines alleges:

1. That his counsel was ineffective for not seeking a downward departure under U.S.S.G. § 5K2.0 because of his medical condition.

2. That he should have received three levels off his sentencing guidelines for acceptance of responsibility under U.S.S. G. § 3E1.1 in Case No.

4:07CR344.

3. That he was improperly given a four-level increase under U.S.S.G. § 2B1.1(b)(4) when only a two level increase is permissible.

The record conclusively refutes Haines's contentions. I sentenced Haines to the statutory maximum on all four counts; I knew about his medical condition at the time, and I would not have departed even if counsel had sought a downward departure. His other claims are barred by the waiver of § 2255 motions in his plea, but in any event, they are factually wrong. He did in fact receive the three levels off for acceptance of responsibility under § 3E1.1, and only two levels were added under § 2B1.1(b)(4). I will deny the motion without a hearing.

## **Background**

In August of 2006, Robert Haines, who was serving a sentence for a prior identity theft conviction, was transferred by the Bureau of Prisons to Dismas House, a half-way house in St. Louis. Shortly after his arrival, Haines organized a new identity theft and credit card fraud scheme. He enlisted the aid of numerous others in the scheme, including co-defendants Timothy Short and Clare Hungerford. Short and Hungerford obtained personal information from the customers and clients at their places of employment and provided Haines with names, social security numbers, and dates of birth to be used in the scheme.

Haines used that information to open new credit accounts and add additional users to existing credit accounts. Haines and others then used the credit accounts to purchase merchandise and gift cards from local retailers and re-sell the merchandise for cash. The known actual losses to the known victims totaled more than $150,000, but the total impact on all the victims is not known.

Haines was able to engage in this conduct from the halfway house because Short and others would, from time to time, take him places. However, on March 7, 2007, Haines was placed on total restriction at the halfway house. Once Haines was informed of the restrictions he left the halfway house and did not return. He continued to engage in the fraudulent scheme. Haines was arrested at a motel on April 20, 2007. He had in his possession over 150 credit account numbers and social security numbers.

Haines was charged by federal complaint in May of 2007, and on June 7, 2007 the grand jury returned two indictments. Case No. 4:07CR344 charged a single count of escape. Case No. 4:07CR345 initially charged Haines alone with three identity fraud related crimes. On June 28, 2007, that indictment was superseded to add eight other defendants and a number of other charges. In the superseding indictment, Haines was charged with one count of conspiracy to commit fraud, seven counts of aggravated identity theft, nine counts of identity

theft, and six counts of access device fraud.

On September 17, 2007, Haines pleaded guilty in both cases. In Case No. 4:07CR344 he pleaded guilty to the single count of escape, which carried a maximum penalty of 5 years in jail. In Case No. 4:07CR345 he pleaded guilty to the conspiracy count (Count 1), which carried a maximum penalty of 5 years in jail, and to two counts of aggravated identity theft (Counts 7 and 9), which each carried a two-year mandatory sentence. He entered into a written document titled "Plea Agreement, Guidelines Recommendations and Stipulations," in which the government agreed to dismiss the remaining charges and not to bring further federal charges relating to the scheme. He and the government made non-binding recommendations about the sentencing guidelines, and both sides agreed not to seek a sentence outside the guidelines range that resulted from the recommendations. Both sides agreed to waive the right to appeal the sentence so long as I followed their guidelines recommendations and sentenced Haines within the guidelines range resulting from those recommendations. Haines also waived his right to seek §2255 post-conviction relief except for claims of prosecutorial misconduct or ineffective assistance of counsel.

After his plea but before his sentencing, the jail where Haines was being held was searched and documents were discovered in Haines' cell that the

-4-

government initially believed contained identifying information of new potential victims, which the government believed showed that Haines was preparing to engage in additional criminal conduct. Because of that, the Presentence Report did not give Haines the benefit of acceptance of responsibility under U.S.S.G. § 3E1.1, even though the parties' plea agreement had recommended it. The PSR therefore calculated a total offense level of 28, instead of the 25 recommended by the parties. Haines' counsel objected to this, and at sentencing the government conceded that it could not prove that the information was about new potential victims, so there was no evidence that Haines had engaged in new criminal conduct. I therefore sustained the defendant's objection, ruled that he had accepted responsibility and so should receive the three levels off under §3E1.1 and concluded that the total offense level was 25, as recommended by the parties.[1]

Haines had a very lengthy criminal history. In addition to many state convictions, Haines has prior federal convictions for crimes very similar to those here. In fact, after he had been convicted in this court for a 1996 credit card fraud (Case No. 4:96CR33 CAS), he escaped from Dismas House when placed there by the Bureau of Prisons and later pleaded guilty to escape (Case No. 4:00CR446

---

[1] Count 1 (conspiracy) of Case No. 4:07CR345 was grouped with the escape count in Case No. 4:07CR344, so the level 25 included both of those counts.

CDP). After serving his jail time on that escape conviction, he was placed on supervised release. Two months after beginning that term of supervised release, he committed the new fraud (Case No. 4:02CR207 SNL) that was the basis for his Dismas House placement involved in this case. As noted above, even before he escaped from Dismas this second time he had already begun his new identity fraud scheme. The sentences he is currently serving are for his fourth and fifth federal convictions, and represent his third federal conviction for identity theft related crimes and his second federal conviction for escape from the same halfway house. His criminal history score under the sentencing guidelines was 20, resulting in a Criminal History Category VI.

Haines' sentencing guidelines range for the escape charge and the fraud charge would have been 110 to 137 months, but the two counts each had a five year statutory maximum, so under the guidelines the range became 110 to 120 months. Under U.S.S.G. § 5G1.2(d), the sentences should be run consecutively when the statutory maximums are not sufficient to reach the guidelines range. The two aggravated identity theft counts each carried a mandatory 24 month sentence. The statute requires that at least one of those sentences be consecutive to the sentence for the other counts, 18 U.S.C. § 1028A, but whether the two sentences were run concurrently or consecutively to one another was a matter for the court's

discretion.

On February 8, 2008, I sentenced Haines to 14 years in jail. The sentence consisted of 60 months on the escape in Case No. 4:07CR344; 60 months on Count 1 of Case 4:07CR345 (conspiracy to commit fraud); 24 months on Count 7 (aggravated identity theft); and 24 months on Count 9 (aggravated identity theft); with all to be run consecutively to one another for an aggregate term of 168 months. Haines had waived his right to appeal so long as I sentenced him within the guidelines range resulting from the parties' recommendations, which I did, and he did not appeal.

At sentencing I explained that I knew I could give him a lower sentence under the advisory guidelines system and that it was unusual for me to reach the statutory maximum on sentences. In Haines' case, however, I believed the sentence imposed was necessary to protect the public from further crimes and to meet the other sentencing objectives set out in 18 U.S.C. § 3553(a). Haines had become very good at this type of large-scale identity theft. He had been able to do it over and over again, including while in a half-way house. Each time he was released from prison, he began the same criminal activity again. He recruited others to help him, including some people who were susceptible to his manipulation. He has not paid restitution to the many victims of his earlier crimes,

and he was victimizing more people even before he left the custody of the Bureau of Prisons.

## Discussion

I will not hold an evidentiary hearing on this motion. "A petitioner is not entitled to an evidentiary hearing on a Section 2255 motion unless the motion, and the files and the records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States,* 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citations omitted). However, no hearing is required when the claim is inadequate on its face, or the record affirmatively refutes the factual assertions upon which the claim is based. *Id*. Haines' claims are affirmatively refuted by the record and files before me, and I conclude that no evidentiary hearing is required.

The Sixth Amendment establishes the right to the effective assistance of counsel in a criminal case. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "A defendant 'faces a heavy burden' to establish ineffective assistance of counsel pursuant to Section 2255." *DeRoo v. U.S.,* 223 F.3d 919, 925 (8th Cir. 2000) (citing *United States v. Apfel,* 97 F.3d 1074, 1076 (8th Cir. 1996)). For a convicted defendant to prove that his counsel was ineffective, he must show that his counsel's performance was deficient and fell below an objective standard of

reasonableness. *Strickland,* 466 U.S. at 687-88. This showing of deficiency requires that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Additionally, a defendant must show prejudice, which is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Haines contends that his counsel was ineffective because counsel did not present evidence of his medical condition as a basis for a downward departure at the sentencing hearing. Although the sentencing guidelines authorize downward departure for physical impairments if there is an extraordinary impairment, "physical condition is a discouraged ground on which to depart and should be limited to exceptional circumstances." *U.S. v. Coughlin,* 500 F.3d 813, 818 (8th Cir. 2007). Of course, because the sentencing guidelines are advisory, the Court can vary from the guidelines range even if a defendant's medical condition does not rise to the level required for a departure under U.S.S.G. § 5H1.4.

I was aware of Haines' medical condition at the time of his plea and at the time of his sentencing. Indeed, I recommended that the Bureau of Prisons screen him for placement at a medical facility. Haines agreed not to seek a departure from the guidelines in his plea agreement. But even aside from that agreement, if

counsel had sought a departure or variance because of Haines' medical condition, I would not have have granted it. Haines has had this condition for some time, and he has received all necessary medical treatment in the Bureau of Prisons. Unfortunately, a large number of inmates in the Bureau of Prisons suffer from the same condition, and the Bureau is well able to manage the medical issues surrounding it. Most importantly, Haines has continued his life of crime even though he suffers from the condition. His medical condition has not prevented him from committing crimes, and it should not prevent him from facing the punishment for the crimes. As I would not have reduced his sentence even if counsel had asked me to, Haines cannot show that his counsel made a serious error or that the result of the proceeding would have been any different, and he is not entitled to relief on his claim that counsel was ineffective.

Haines' second two claims are simply not correct. As set out above, he received all three levels off for acceptance of responsibility, and I applied the guidelines calculations that the parties recommended in the plea agreement. His allegation that he was given a four level increase under § 2B1.1(4) is likewise wrong: he was given two levels only, which is what the plea recommended and what the guidelines provide.

These claims fail for several other reasons as well. First, they cannot be

raised in a § 2255 motion because they could have been raised on appeal, even though they would have been frivolous, since I followed the recommendations he himself agreed to and since he waived his right to appeal. Second, in his plea agreement Haines agreed not to file a § 2255 motion other than on any grounds other than prosecutorial misconduct or ineffective assistance of counsel, so he waived the right to bring these claims. Finally, had he brought them as ineffective assistance of counsel claims, they would have been denied for the same reasons they are denied on the merits: they are completely contradicted by the record.

## Certificate of Appealability

As Haines has not made a substantial showing of the denial of a federal constitutional right, I will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo,* 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings)).

Accordingly,

**IT IS HEREBY ORDERED** that Robert Unique Haines's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of

appealability, as movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment in accord with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 15th day of November, 2010.